FEB 3 2023 PM4:31
FILED-USDC-CT-NEW_HAVEN

**UNITED STATES DISTRICT COURT**
**District of Connecticut**
**New Haven Division**

---

CHRISTOPHER A. AMBROSE,

Plaintiff,

V. Case No. 22 cv 1648 (VAB) (RAR)

FRANK PARLATO, JR.,

Defendant.

---

**DEFENDANT FRANK PARLATO, JR.'S DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Frank Parlato, Jr. ("Defendant" or "Mr. Parlato") declares under penalty of perjury and under 28 U.S. Code § 1746 and the laws of the United States of America that the foregoing is true and correct:

1. I, Frank Parlato, Jr., respectfully make a limited appearance in this matter, do not consent to the jurisdiction of this Court, contest Plaintiff Christopher A. Ambrose's ("Plaintiff" or "Mr. Ambrose") improper, illegal, and unconstitutional assertion of jurisdiction over Defendant, disputes the sufficiency and propriety of the service of legal process in this matter, and opposes Mr. Ambrose's motion to remand this matter to Connecticut State court.

**PRO SE LITIGANT**

2. I am a pro se litigant, unskilled in the science of law. In the interests of justice, I ask the Court to construe these pleadings of a pro se litigant in a lenient, liberal, and non-technical manner

raising the strongest arguments they suggest. *See generally* Haines v. Kerner, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972); Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995).

## QUESTION PRESENTED

3. The crux of Mr. Ambrose's instant application can be focused as a simple question:

> Should the District Court remand this matter to the Connecticut Superior Court because Plaintiff's Return of Service purports Mr. Parlato was properly served via U.S. Mail with this defamation action on July 18, 2022, rendering the Notice of Removal outside the 30-day window established in 28 U.S.C. § 1446(b)(1) and (b)(2)(B)?

4. Mr. Parlato respectfully submits that the Court should find in the negative and DENY Mr. Ambrose's motion to remand to Connecticut Superior Court.

## REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

5. The Court should make the following findings based on the facts and the law:

a. Defendant has met his burden in establishing Removal under 28 U.S.C. § 1446.

b. Defendant stated a *prima face* case for removal in his previously-filed Notice of Removal and supporting papers, which Plaintiff has not rebutted.

c. Defendant has not been appropriately served with valid or sufficient service under Connecticut law. Plaintiff has objected to the timeliness of Defendant's Notice of Removal under 28 U.S.C. § 1446(b)(1) and (b)(2)(B). Plaintiff's claims are meritless because Defendant's 30-day Removal clock never began to run – Mr. Parlato was never served with process validly subjecting him to the jurisdiction of the Connecticut courts.

d. The Court's analysis begins with the four corners of the Complaint (a copy is attached to the original removal and moving papers) because it is "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.S. § 1446(b)(1).

e. As plead, the four corners of the initial pleading, the Complaint, reveal, in substance, a singular claim that rings in defamation that is the only "plausible cause of action." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The only "plausible" and legally sufficient stated claim of the three claims asserted in Mr. Ambrose's Complaint is the "common law defamation" claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

f. The other two claims are re-cast defamation claims, one alleging an amorphous "privacy violation" caused by Mr. Parlato's words and the other alleging "emotional distress" caused by Mr. Parlato's words, both of which are merely subspecies of alleged damages under the defamation claim.

g. Mr. Ambrose is correct when he states:

> "Whether service of process was proper requires consideration of the service rules in the state where the action was brought, which here is Connecticut." *Brandon Vernon v. Able Employment Service Center*, D. Conn. 2021 WL 3036919 *See* CW v. *Estate of Rockefeller*, No. 20-cv-2205 (VSB), 2020 WL 5658702, at *3 (S.D.N.Y. Sept. 23, 2020) (collecting cases). Plaintiff's Memorandum of Law on page 14.

h. Mr. Ambrose omits the controlling language in the Connecticut Long Arm Statute, General Statutes §52-59b(a), which provides in relevant part:

> "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent . . . (2) commits a tortious act within the state, *except as to a cause of action for defamation of character arising from the act . . .*" (*Emphasis added.*)

i. The United States District Court for the District of Connecticut agrees with the weight of authority that disfavors favor subjecting a nonresident to long-arm jurisdiction by allowing the statute's broad and undefined concept of "transacting business" to trump the

Legislature's explicit and unambiguous exclusions of long-arm jurisdiction for defamation. See Lego A/S v. Best-Lock Constr. Toys, Inc., 886 F. Supp. 2d 65, 2012 U.S. Dist. LEXIS 120665 (D. Conn. 2012). By its language, § 52-59b(a)(2) does not provide jurisdiction for defamation claims.

j. Plaintiff should not be rewarded for an inartful pleading attempting to disguise a defamation claim as another claim, thus circumventing an assertion of jurisdiction the Connecticut Legislature never intended to allow.[1] Mr. Ambrose is an attorney, he should know better, and his pleadings should be better.

k. The language of § 52-59b(a) indicates that a plaintiff must establish an independent basis for personal jurisdiction for each cause of action. *See* Conn.Gen.Stat. § 52-59b(a) ("As to a cause of action . . ."); *Jones v. Trump*, 919 F. Supp. 583, 586 (D.Conn. 1996); *Irwin v. Mahnke*, 2006 U.S. Dist. LEXIS 25906, 3:05CV976, 2006 WL 691993, at *3 (D.Conn. March 16, 2003).

l. The Connecticut Long Arm Statute does not confer jurisdiction over all torts which injure Connecticut residents. *Viera v. Tarvin*, No. 3:04 CV 416 (CFD), 2005 U.S. Dist. LEXIS 2074, at *1 (D. Conn. Feb. 11, 2005).

---

[1] It should not be lost that Mr. Parlato is a journalist and a member of the media. Mr. Parlato and all journalists and media members similarly situated would be prejudiced if the Connecticut courts allow an end-run around the Legislature's clear pronouncement that defamation is explicitly not subject to long-arm jurisdiction. The chilling effects on free speech and the press would not be prejudicial to just Mr. Parlato and other journalists but to the Marketplace of Ideas as a whole, and would be Constitutionally impermissible. Mr. Ambrose's claims that Mr. Parlato is not a "real journalist" is a timeless losing argument that the First Amendment will not allow. The same arguments were made by the US Government about renowned investigative journalist and former New York Federal Court Appellate Attorney Glenn Greenwald when he published Edward Snowden's explosive proof of illegal NSA spying. See the attached EXHIBIT "A."

m. Connecticut's Long Arm statute extends to none of Mr. Ambrose's claims, all of which are based on words and sound in defamation, and none of which are malicious or are outside the ambit of investigative journalism, newsgathering, and commentary/opinion.

n. In support of his Motion for Remand to the Connecticut Superior Court, Plaintiff offers a Return of Service dated July 18, 2022. See the attached **EXHIBIT "B."**

o. Said Return of Service was filed with the Clerk of the Superior Court, in New Haven, Connecticut, on July 21, 2022. See the attached **EXHIBIT "C."**

p. Plaintiff's method of service is inadequate. Filing with the Secretary of State of Connecticut followed by mailing is inadequate to confer jurisdiction in defamation matters.

q. Plaintiff has also failed to show Defendant is *subject* to service because they have not proved that the Court may exercise personal jurisdiction over Mr. Parlato. Therefore, Plaintiff's service of process fails as a matter of law. *Viera v. Tarvin*, No. 3:04 CV 416 (CFD), 2005 U.S. Dist. LEXIS 2074, at *7 (D. Conn. Feb. 11, 2005).

r. Mr. Parlato has also stated that he has not been served with a copy of the "initial pleading" for 28 U.S.C. § 1446 purposes. Nor can Plaintiff offer proof that Mr. Parlato saw or received the initial pleading before December 2022.

s. Plaintiff cannot rebut Defendant's *prima facie* case for removal under 28 U.S.C. § 1446(b)(1) and (b)(2)(B) because Defendant cannot show Plaintiff was ever properly served.

t. The U.S. Supreme Court has addressed this issue in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

u. The issue in Murphy Bros. was whether the defendant waited ***too long*** to file its notice of removal. There, a plaintiff filed a complaint in state court and then faxed a copy of the complaint to the defendant. Fourteen days later, the plaintiff formally served the complaint on the defendant. Thirty days after the plaintiff formally served defendant with the complaint and forty-four days after the plaintiff received a faxed courtesy copy, the defendant removed the case.

v. There, like here, the plaintiff moved for remand, arguing that the defendant's removal was untimely as the thirty days for removal began to run once the defendant received the fax copy.

w. The U.S. Supreme Court disagreed with the plaintiff and held that removal was timely because *the 30-day time frame from which a defendant must remove a case was triggered by the formal service of process, not the informal faxing of the complaint*. Murphy Bros., 526 U.S. at 354-55 (*emphasis added*).

x. The Court reasoned that "one becomes a party officially, and is *required to take action* in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served *must appear and defend*." Murphy Bros., 526 U.S. at 350 (*emphasis added*). See also Nxivm Corp. v. Ross, No. 09-CV-338S, 2009 U.S. Dist. LEXIS 52373, at *8 (W.D.N.Y. June 19, 2009)

y. In this case, Plaintiff never triggered the 30-day time frame for removal because Defendant was never properly served with sufficient process.

z. Accordingly, Mr. Ambrose's motion to remand to Connecticut Superior Court should be DENIED.

## RECAPITULATION

6. Mr. Parlato states for the record that he never received or saw a copy of the initial pleading. Plaintiff never proffers any proof that Mr. Parlato actually saw the initial pleading.

7. Mr. Parlato, a journalist, is being sued for publishing media in good faith, newsgathering, and publishing commentary and opinion on newsworthy subjects.

8. The only plausible claim pleaded by Mr. Ambrose is a defamation claim.

9. Mr. Parlato further states that jurisdiction does not lie in the State of Connecticut because Mr. Parlato is a non-resident with no contacts to the jurisdiction. The speech occurred outside the jurisdiction and was not targeted at the jurisdiction or anyone in it. Connecticut's Long Arm specifically does not allow for jurisdiction for defamation claims.

10. Mr. Parlato further submits he was never properly served with sufficient process because Plaintiff has failed to establish that they can properly avail themselves of the Connecticut Long Arm statute for what is, in substance, a defamation predicated upon Mr. Parlato's published words.

11. Mr. Parlato further submits that this matter should be dismissed or alternative relief granted as pleaded below and in the papers previously submitted to the Court.

## REQUEST FOR RELIEF

Defendant Frank Parlato, Jr., moves this Honorable Court for an Order:

a) Denying Plaintiff's Motion to Remand to the Connecticut Superior Court;

b) Striking Counts 1 and 3 pursuant to Rule 12(f) of the Federal Rule of Civil Procedure (FRCP) as duplicative of Count 2; or

c) Striking Counts 1 and 3 pursuant to FRCP Rule 12(f) as improperly plead, unsuccessful in law and fact, and prejudicial; and

d) Dismissing this matter pursuant to FRCP Rule 12(b)(2); or in the alternative

e) Dismissing this matter pursuant to FRCP Rule 12(b)(4); or in the alternative

f) Dismissing this matter pursuant to FRCP Rule 12(b)(5); or in the alternative

g) Dismissing this matter pursuant to FRCP Rule 12(b)(6); or in the alternative

h) Dismissing this matter pursuant to the doctrine of *Forum Non-Conveniens*; or in the alternative

i) Transferring this matter to the United States District Court for the Southern District of Florida, Key West Division; and

j) For such other and further relief as this Honorable Court shall deem just and equitable.

## REQUEST FOR REASONABLE ACCOMMODATIONS

Defendant also asks that he may appear before the Court by Zoom and/or other videoconferencing means because Defendant is a resident of the State of Florida, has no contacts in the State of Connecticut, and it would be an undue burden for Defendant to appear in the State of Connecticut in person.

Defendant relies on the foregoing and his previous submissions to the Court in opposition to Plaintiff's Motion to Remand and in further support of his application for relief.

Dated: Big Pine Key, Florida
February 1, 2023

Respectfully submitted,

FRANK PARLATO, JR.
29009 Geranium Drive
Big Pine Key, Florida 33043
Tel: (305) 783-7083
Email: frankparlato@gmail.com